865 F.2d 268
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Delbert H. REIDT, Plaintiff-Appellant,
v.
The UNITED STATES, Defendant-Appellee.
 No. 88-1548.
 United States Court of Appeals, Federal Circuit.
 Dec. 15, 1988.
Rehearing Denied Feb. 13, 1989.
 
 Before FRIEDMAN, Circuit Judge, NICHOLS, Senior Circuit Judge, and NIES, Circuit Judge.
 PER CURIAM.
 
 DECISION
 
 1
 In 1985, Delbert H. Reidt filed the first of what has since become a series of complaints in the United States Claims Court requesting, inter alia, military disability pay based on a service-connected psychiatric disorder predating his 1952 discharge from the United States Coast Guard. The court granted summary judgment for the government and dismissed the complaint in Reidt v. United States, No. 490-85C (Cl.Ct. May 6, 1986), finding Reidt's claim barred by the statute of limitations. Reidt did not appeal that decision. In subsequent suits, however, which have included appeals to this court, he has unsuccessfully tried to litigate the merits repeatedly. As the Claims Court detailed:
 
 
 2
 [Reidt's] claim has been considered four times by the Department of Transportation Board for the Correction of Military Records (DOTBCMR); the claim has been considered twice by the District Court for the Northern District of California; repeated consideration in the Claims Court resulted in three final orders to dismiss; the Court of Appeals for the Federal Circuit has affirmed these dismissals of [Reidt's] claim; and the Supreme Court of the United States has twice denied certiorari.
 
 
 3
 Reidt v. United States, No. 490-85 C, slip op. at 1-2 (Cl.Ct. July 29, 1988) (unpublished). Reidt's most recent attempt was a motion filed in 1988 to reopen the case, asserting that the Claims Court failed to give him a hearing before granting summary judgment in the original proceedings. The Claims Court denied that motion, id. at 3, and Reidt appeals that denial. We affirm.
 
 OPINION
 
 4
 The decision whether to grant Reidt's motion to reopen is a matter committed to the sound discretion of the Claims Court and we review that decision only to ascertain that the court did not abuse its discretion. See, e.g., Yachts Am., Inc. v. United States, 779 F.2d 656, 662 (Fed.Cir.1985), cert. denied, 479 U.S. 832 (1986). The court correctly held that the rules of the court, applicable to motions for summary judgment, do not require a hearing. Thus, Reidt's current attack fails and we affirm the Claims Court's denial of his motion, no abuse of discretion having been shown. Moreover, we adopt Senior Judge Harkins' caution that Reidt not submit in the Claims Court, or in the Federal Circuit, any paper involving further consideration of his claim.